UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ANISSA CARROLL,                                              Civil Action No. 1:23-cv-7410

               Plaintiff,

    -against-

FORTUNA AUCTION LLC and HERBERT
JOHN SAXON,                                                 **COMPLAINT AND**
                                                            **JURY TRIAL DEMAND**

               Defendants.
-------------------------------------------------------------------x

Plaintiff ANISSA CARROLL ("Plaintiff" and/or "Ms. Carroll"), by her attorneys,

Braverman, PLLC, as and for her Complaint against defendants FORTUNA AUCTION LLC

("Fortuna" and/or the "Company") and HERBERT JOHN SAXON ("Saxon") (individually and

collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action to recover: (a) wages, including commissions and

overtime compensation, that Defendants failed to pay, including knowingly, purposely and/or

recklessly in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and

the New York Labor Law, as amended, ("NYLL") and related regulations; (b) wages, including

commissions and overtime compensation, earned in accordance with the agreed terms of

employment that Defendants failed to pay in violation of the NYLL and related regulations; (c)

unlawful wage deductions, including from commissions and overtime compensation owed, in

violation of the NYLL and related regulations; (d) damages to remedy Defendants' notice and

record-keeping violations of the NYLL and related regulations; and (e) wages, including

commissions and overtime compensation, earned in accordance with the agreed terms of

employment that Defendants failed to pay in breach of the parties' agreement.

2.      Defendants engaged in illegal and improper wage practices, including, but not limited to: unlawfully failing to pay Plaintiff earned wages, including commissions and overtime compensation, and other monies unequivocally due to her for services she rendered for Defendants as their employee; unlawfully failing to pay Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per workweek; making unlawful and improper wage deductions, including from commissions and overtime compensation owed; failing to provide accurate wage statements; and failing to pay wages, including commissions and overtime compensation, earned in accordance with the parties' agreed terms of employment in breach of the parties' agreement.

## THE PARTIES

### Plaintiff

3.      Plaintiff is an adult natural person who resides in the State of New Jersey.

4.      At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA and NYLL and related regulations.  As such, Plaintiff is entitled to be paid in full for all hours worked, including without limitation, being paid in full for all overtime wages earned.

5.      Plaintiff was employed by Defendants and worked for Defendants from in or about February 2019 to in or about July 2021, at Defendants' location in New York.

6.      Plaintiff is a covered employee within the meaning of the FLSA and NYLL and related regulations, as applicable.

7.      At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce with the meaning of 29 U.S.C. §§ 206(a) and 207(a).

### Defendant Fortuna Auction LLC

8.      Upon information and belief, Fortuna is a foreign limited liability company,

organized under the laws of the State of Delaware, and authorized to do business in the State of New York.

9.     Upon information and belief, Fortuna has a principal place of business located at 608 5th Avenue, # 507, New York, New York 10020.

10.    At all times relevant to this action, Fortuna has been a covered employer within the meaning of the FLSA and NYLL and related regulations, as applicable, and employed and/or jointly employed Plaintiff.

11.    Throughout the relevant period, Fortuna employed Plaintiff within the meaning of the FLSA and NYLL and related regulations, as applicable.

12.    Fortuna had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

13.    At all times relevant to this action, Fortuna maintained control, oversight, and direction over Plaintiff, including, but not limited to, timekeeping, payroll, how Plaintiff was compensated, and other employment practices that applied to Plaintiff.

14.    Upon information and belief, at all times relevant to this action, Fortuna's annual gross volume of sales made or business done was not less than $500,000.

15.    At all times relevant to this action, Fortuna was an employer engaged in commerce and/or the production of goods for commerce with the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**Defendant Herbert John Saxon**

16.    Upon information and belief, Saxon is an individual who is domiciled in and resides in the State of Connecticut.

17.    At all times relevant to this action, upon information and belief, Saxon was a

member and/or owner of Fortuna.

18.     At all times relevant to this action, upon information and belief, Saxon was a principal of Fortuna.

19.     At all times relevant to this action, upon information and belief, Saxon was the Chief Executive Officer of Fortuna.

20.     At all times relevant to this action, upon information and belief, Saxon maintained operational control of Fortuna.

21.     At all times relevant to this action, upon information and belief, Saxon was a person who acted in the interest of Fortuna in relation to its employees, including Plaintiff.

22.     At all times relevant to this action, upon information and belief, Saxon dominated the acts of Fortuna and/or had the power and/or authority to act on behalf of Fortuna in relation to its employees, including Plaintiff.

23.     At all times relevant to this action, upon information and belief, Saxon had the power and/or authority to hire and fire Fortuna's employees, including Plaintiff.

24.     At all times relevant to this action, upon information and belief, Saxon had the power and/or authority to supervise and control Fortuna's employees' work schedules and/or conditions of employment, including Plaintiff's.

25.     At all times relevant to this action, upon information and belief, Saxon had the power and/or authority to determine the rate and method of payment of Fortuna's employee's salaries, including Plaintiff's.

26.     At all times relevant to this action, upon information and belief, Saxon had the power and/or authority to maintain Fortuna's employee records, including Plaintiff's.

27.     At all times relevant to this action, upon information and belief, Saxon maintained

and/or should have maintained Fortuna's employee records, including Plaintiff's.

28.     At all times relevant to this action, upon information and belief, Saxon has been a covered employer within the meaning of the FLSA and NYLL and related regulations, as applicable, and employed and/or jointly employed Plaintiff.

29.     Throughout the relevant period, Saxon employed Plaintiff within the meaning of the FLSA and NYLL and related regulations, as applicable.

30.     Saxon had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

31.     At all times relevant to this action, upon information and belief, Saxon maintained control, oversight, and direction over Plaintiff, including, but not limited to, timekeeping, payroll, how Plaintiff was compensated, and other employment practices that applied to Plaintiff.

32.     At all times relevant to this action, upon information and belief, Saxon orchestrated and implemented a scheme designed to deprive Plaintiff of her lawful wages.

33.     At all times relevant to this action, upon information and belief, Saxon used the limited liability company form of Fortuna to perpetrate a fraud and injustice against Plaintiff so as to deprive her of her lawful wages.

34.     At all times relevant to this action, upon information and belief, Saxon and Fortuna were each other's alter-egos with respect to all matters referred to herein.

35.     At all times relevant to this action, upon information and belief, Saxon and Fortuna were each other's agents and representatives with respect to all matters referred to herein.

36.     At all times relevant to this action, upon information and belief, Defendants jointly employed Plaintiff.

37.     At all times relevant to this action, upon information and belief, Defendants acted as a single employer or enterprise and/or as a joint enterprise and/or as co-employers and joint employers that jointly and equally employed Plaintiff.

## JURISDICTION AND VENUE

38.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

39.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

40.     This Court is empowered to issue declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202.

41.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE FACTS

42.     Defendants committed the following acts knowingly and willfully.

43.     Defendants are in the business of generating income from buying, selling, and auctioning fine jewelry and watches.

44.     Plaintiff commenced working for Defendants in or about February 2019.

45.     Plaintiff worked for Defendants as a Senior Jewelry Specialist during the period from in or about February 2019 to in or about July 2021 (the "Work Period").

46.     At the inception of Plaintiff's employment with Defendants, Defendants advised Plaintiff of her commission plan that governed the wages she was entitled to earn in addition to her base salary.

47.     As Defendants advised her, Plaintiff's base salary was not high, but her commissions would soon be her primary source of "significant income."

48.     Indeed, in the cover e-mail to her contract that Defendants sent to Plaintiff, it was made clear that Fortuna had even paid out $60,000 to an employee as a commission on a "single consignment."

49.     Moreover, and as Defendants explained to her, and as the commission plan and other documents prove, Plaintiff was entitled to receive commissions on, among other things, the business generated based on her personal clients (many of which were extremely profitable for Fortuna), as well as clients she managed for Fortuna.

50.     Ms. Carroll was extremely excited to join Fortuna in 2019.

51.     Ms. Carroll was paid a starting salary of only $50,000 when she commenced working for Fortuna in 2019.

52.     Moreover, as Defendants had repeatedly advised Plaintiff, both orally and in writing, and throughout her employment, Plaintiff was a competent and diligent worker and brought in and worked on significant additional business for the Company.   Indeed, based on her excellent work, Fortuna also increased Plaintiff's salary during her employment with Fortuna.

53.     Indeed, in December 2019, by way of example only, Fortuna auctioned a Cartier Crash watch for $81,250, surpassing its $50,000 estimate.  This piece was brought in by Plaintiff from one of her personal clients. Although commissions were contractually due to Plaintiff based on this sale, Plaintiff was paid nothing extra.

54.     In addition, Plaintiff also made many sacrifices to benefit Defendants and help the Company succeed, including without limitation, working many extra hours each week and without receiving additional compensation, and working many nights and weekends from home,

among other things.

55.     Notwithstanding Plaintiff's good intentions, and her dedication to the Company, Defendants treated her poorly throughout her employment and never paid any of her earned commissions or any overtime.

56.     Throughout her employment by Defendants, Plaintiff regularly worked in excess of forty (40) hours per workweek and usually at least 45 hours each week.

57.     In addition to not paying Plaintiff the commissions she earned, Defendants failed to pay Plaintiff overtime for any of the hours Plaintiff worked in excess of forty (40) per workweek.

58.     Plaintiff frequently communicated with Defendants, both in writing and orally, requesting payment for the wages, including commissions and overtime hours, that she is owed.

59.     Despite Plaintiff's numerous requests, Defendants failed and refused to pay Plaintiff any of these commissions and overtime hours that she is owed.

60.     Upon information and belief, Defendants knowingly and intentionally failed and refused to pay Plaintiff any of these commissions and overtime hours that she is owed, as, among other things, the written contract she signed with Fortuna clearly establishes that the commissions and other monies are due and owing to Plaintiff.

61.     Also, Fortuna intentionally, purposely, and/or recklessly failed to post required state and/or federal Department of Labor law postings at the workplace regarding Plaintiff's entitlement to overtime under state and/or federal law, which conduct also allowed Defendants to hide Plaintiff's clear entitlement to overtime pay under the FLSA and the NYLL, and which resulted in Plaintiff never receiving the substantial overtime pay that she was unequivocally due from Defendants.

62. Upon information and belief, based upon these facts, among other things, Defendants never intended to live up to the Company's contractual and statutory legal obligations to Plaintiff and instead purposefully refused to pay her.

63. Indeed, Defendants cannot reasonably dispute that Plaintiff is owed significant commissions and other wages.

64. In addition, although Plaintiff repeatedly sought to simply be paid the compensation and wages due her, she was repeatedly ignored by Defendants.

65. Instead, Defendants subjected Plaintiff to a hostile work environment and responded to her pleas to be paid her earned wages only with silence or poor treatment which worsened over time.

66. After two years of suffering, Plaintiff could not bear the unlawful and abusive treatment she was experiencing, and she was forced to resign, thereby being constructively discharged by Defendants, in July 2021.

67. During the Work Period, Defendants failed to pay Plaintiff in accordance with their agreement, including the agreed-upon rate and other compensation.

68. During the Work Period, Defendants failed to pay Plaintiff her wages, including commissions and overtime compensation, earned in accordance with the agreed upon terms of employment.

69. During the Work Period, Defendants failed to pay Plaintiff for all wages earned, including commissions and overtime compensation, in the agreed upon and lawfully required time frame.

70. During the Work Period, Plaintiff regularly worked in excess of 45 hours per workweek.

71.     Defendants were aware that Plaintiff worked more than 45 hours per week, yet Defendants negligently, recklessly, and/or willfully, knowingly, purposefully, and deliberately failed to pay Plaintiff overtime compensation, at the rate of one and one-half (1.5) times Plaintiff's regular rate of pay, for all hours worked in excess of 40 hours in any given workweek.

72.     Upon information and belief, Defendants willfully disregarded and purposefully evaded the FLSA and NYLL requirements concerning the posting of workplace posters providing a notice explaining the requirements of the FLSA and the NYLL, including with regard to overtime pay.

73.     Defendants did not keep accurate records regarding Plaintiff's wages and hours worked.

74.     Defendants maintained deliberately false and misleading documentation regarding Plaintiff's wages and hours worked.

75.     The job duties of Plaintiff remained the same throughout the Work Period and were of a non-exempt nature.

76.     Among other things, Plaintiff's job duties included: assisting with the jewelry auction business by speaking with current and potential clients about the services Defendants can provide; making phone calls and having face-to-face meetings with clients; communicating to clients the value of their jewelry and encouraging them to consign their collection in upcoming auctions; performing data entry; inputting sales activity in the Company's CRM software; maintaining updated records of leads and customers; and otherwise assisting in helping auctions run smoothly and successfully.

77.     Plaintiff performed her job duties under the direction, control, and supervision of Defendants.

78.     Accordingly, and during the Work Period, Plaintiff was a non-exempt employee under the FLSA and NYLL and related regulations.

79.     During the Work Period, Plaintiff performed her duties for Defendants at the direction and under the control of Defendants.

80.     During the Work Period, Defendants jointly supervised Plaintiff, controlled the terms and conditions of Plaintiff's employment, and made decisions concerning Plaintiff's employment and duties, including but not limited to decisions as to hiring and firing.

81.     During the Work Period, Defendants made illegal deductions and wage withholdings from Plaintiff's wages, including from commissions and overtime compensation owed.

82.     These deductions and wage withholdings did not benefit the Plaintiff, and they were not authorized by statute.

83.     The deductions and wage withholdings were made without the written consent of Plaintiff.

84.     Upon information and belief, Defendants willfully disregarded and purposefully evaded the notice and recordkeeping requirements of the NYLL and related regulations by, among other things, failing to make, keep, and preserve accurate records with respect to Plaintiff, and they failed to provide Plaintiff with all required notices.

85.      Upon information and belief, Defendants also purposely, willfully and/or recklessly disregarded and purposefully evaded the notice and recordkeeping requirements of the NYLL and related regulations by, among other things, failing to make, keep, and preserve accurate records with respect to Plaintiff and provide Plaintiff with a statement with every payment of wages listing, among other things: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

86.     Plaintiff sustained substantial losses from the acts and omissions described herein.

87.     Defendants' conduct as described above was knowing, intentional, willful, purposeful, malicious, and/or evinced a wanton and reckless and callous disregard for Plaintiff's statutorily and other legally protected rights.

88.     Plaintiff repeatedly complained to Defendants about their unlawful wage payment practices.

89.     As a result of Defendants' actions and failures to act, among other things, Plaintiff has suffered tremendous harm including without limitation financial and other losses.

**FIRST CLAIM FOR RELIEF**
**(Violation of FLSA - Overtime Wages)**
**(Against All Defendants)**

90.     Plaintiff repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

91.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

92.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

93.     Plaintiff worked in excess of forty hours during workweeks in the relevant Work Period.

94.     Defendants willfully failed to pay Plaintiff overtime pay at a premium rate of one and one-half times Plaintiff's regular rate of pay.

95.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201, *et seq*.

96.     Plaintiff has been damaged by Defendants' aforementioned violation of the FLSA and related regulations.

97.     By reason of the foregoing, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
**(Violation Of NYLL And Related Regulations - Failure to Pay Wages)**
**(Against All Defendants)**

98.     Plaintiff repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

99.     The NYLL and related regulations require covered employers, such as Defendants, to pay employees their wages with the requisite frequency in accordance with the agreed upon terms of employment.

100.    Plaintiff was not exempt from the requirement that Defendants pay her for all wages earned in accordance with the agreed terms of employment under the NYLL and related regulations.

101.    Based on the foregoing, Defendants did not pay Plaintiff her wages earned, including commissions and overtime compensation, in accordance with the agreed terms of employment.

102.    Based on the foregoing, Defendants have knowingly, willfully, purposefully, and in bad faith violated the NYLL, including without limitation NYLL §§ 191 and 193, and related

13

regulations, by failing to pay Plaintiff her wages earned, including commissions and overtime compensation, in accordance with the agreed terms of employment.

103. Plaintiff has been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

104. By reason of the foregoing, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**(Violation Of NYLL And Related Regulations – Overtime)**
**(Against All Defendants)**

105. Plaintiff repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

106. Based on the foregoing, Defendants have knowingly, willfully, purposefully, and in bad faith violated the NYLL, including without limitation NYLL § 170 and 12 NYCRR § 142-2.2, and generally Articles 5, 6, and 19 of the NYLL and related regulations, by failing to pay Plaintiff overtime pay at a premium rate of one and one-half times Plaintiff's regular rate of pay.

107. Plaintiff has been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

108. By reason of the foregoing, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(Violation Of NYLL – Unlawful Deductions)**
**(Against All Defendants)**

109. Plaintiff repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

110. Based on the foregoing, including Defendants' unlawful deductions from Plaintiff's earned wages/commissions, Defendants have knowingly, willfully, purposefully, and in bad faith violated the NYLL, including without limitation NYLL §§ 191 and 193 and 12 NYCRR § 142-2.10, and related regulations, by making unlawful deductions from Plaintiff's earned wages/commissions.

111. Plaintiff has been damaged by Defendants' aforementioned violation of the NYLL and related regulations.

112. By reason of the foregoing, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**(Violation Of NYLL – Notice And Record Keeping Violations)**
**(Against All Defendants)**

113. Plaintiff repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

114. Based on the foregoing, Defendants have knowingly, willfully, purposefully, and in bad faith violated the NYLL, including without limitation, Articles 6, and 19 of the NYLL and related regulations, including 12 NYCRR § 142-2.6, by failing to make, keep, and preserve accurate records with respect to Plaintiff and provide Plaintiff with a notice containing, among other things: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; and the name of the employer.

115. Based on the foregoing, Defendants have knowingly, willfully, and in bad faith violated the NYLL, including without limitation Articles 6, and 19 of the New York Labor Law

and related regulations, including 12 NYCRR § 142-2.6, by failing to make, keep, and preserve accurate records with respect to Plaintiff and provide Plaintiff with a statement with every payment of wages listing, among other things: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

116.     Plaintiff has been damaged by Defendants' aforementioned violations of the NYLL and related regulations.

117.     By reason of the foregoing, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**(Breach Of Contract)**
**(Against Fortuna)**

118.     Plaintiff repeats, realleges, and incorporates by reference each prior allegation in this Complaint, as if fully set forth at length herein.

119.     Based on the foregoing, a valid contract existed between Plaintiff and Fortuna.

120.     Plaintiff has fully performed her obligations under the contract.

121.     Based on the foregoing, Fortuna has breached the contract.

122.     Fortuna has breached the contract by, among other things, failing to pay Plaintiff wages earned, including commissions and overtime compensation, in accordance with the parties' agreement for services rendered for Fortuna.

123.     Plaintiff has been damaged by Fortuna's aforementioned breach of the contract.

124. By reason of the foregoing, Plaintiff demands judgment against Fortuna in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

(a) Declaring that Defendants' practices complained about herein are unlawful under appropriate state and federal law;

(b) Declaring that the Defendants' violations of state and federal law complained of herein are found to be willful;

(c) Awarding to Plaintiff damages in the amount of unpaid wages, including overtime pay, and liquidated damages, owed to Plaintiff, including pre-judgment interest thereon;

(d) Awarding Plaintiff statutory damages and any other relief authorized under appropriate state and federal law;

(e) Awarding appropriate equitable and injunctive relief under appropriate state and federal law;

(f) Awarding Plaintiff punitive damages under appropriate state and federal law;

(g) Awarding Plaintiff emotional distress damages and other compensatory damages under appropriate state and federal law;

(h) Awarding Plaintiff prejudgment interest;

(i) Awarding Plaintiff costs and disbursements of this action, along with reasonable attorneys' fees pursuant to appropriate state and federal law, as well as pre-judgment and post-judgment interest as provided by law;

(j)     Awarding Plaintiff damages to compensate for any adverse tax consequences; and

(k)     Awarding Plaintiff such other and further relief as the Court deems just and

proper.

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  New York, New York
        August 21, 2023


                                    Respectfully submitted,

                                    BRAVERMAN, PLLC


                                    By: _____
                                    Daniel S. Braverman, Esq. (DB-9423)
                                    E-mail: dbraverman@bravelaw.com
                                    Sean W. Higgins, Esq., Of Counsel (SH-4190)
                                    E-mail: shiggins@bravelaw.com
                                    Attorneys for Plaintiff
                                    19 West 44th Street, Suite 1500
                                    New York, New York 10036
                                    Tel.: (212) 233-2910