USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
           :
ANISSA CARROLL,            :
           :
                                 Plaintiff,            :        1:23-cv-7410-GHW
           :
                              -v –            :             <u>ORDER</u>
           :
FORTUNA AUCTION LLC; *and* HERBERT            :
JOHN SAXON,            :
           :
                                Defendants.    :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        Plaintiff commenced this action on August 21, 2023, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law §§ 191, 193. Dkt. No. 1 ("Compl."). On April 2, 2025, Defendant Fortuna Auction LLC ("Fortuna") filed a suggestion of bankruptcy, notifying the Court that Fortuna had filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on April 1, 2025. Dkt. No. 37. Under 11 U.S.C. § 362(a), Fortuna's bankruptcy petition automatically "operates as a stay" of this action as against Fortuna. *See In re Fogarty*, 39 F.4th 62, 71 (2d Cir. 2022) ("The Bankruptcy Code's automatic stay provisions, set forth in Section 362, protect bankruptcy estates by restraining any formal or informal action or legal proceeding that might dissipate estate assets or interfere with the trustee's orderly administration of the estate."). Because the Court finds that continuing the litigation of Plaintiff's claims against the remaining defendant in this case, Herbert John Saxon, will have immediate adverse economic consequences on Fortuna, this case is stayed as to him as well.

## I.     DISCUSSION

        An action against a debtor's non-debtor co-defendants "is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays

pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). "[C]ourts will generally not extend the automatic stay of proceedings . . . to non-debtor co-defendants." *DeSouza v. PlusFunds Grp., Inc.*, No. 05-cv-5990 (RCC)(JCF), 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006).  However, the Second Circuit has recognized certain exceptions to that general rule, holding that "[t]he automatic stay can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287.  Such claims include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . ." *Id.*; *see also DeSouza*, 2006 WL 2168478, at *2 (noting the stay may be extended to non-debtor defendants in "unusual circumstances," such as "where failure to extend the stay would pose a serious threat to the debtors' reorganization efforts or when the debtor and non-debtor are so bound by statute or contract that the liability of the non-debtor is imputed to the debtor by operation of law," (internal quotation marks and citations omitted)).  "The question is whether the action against the non-debtor is sufficiently likely to have a 'material effect upon . . . reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *DeSouza*, 2006 WL 2168478, at *2 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)).

Trying the action against Mr. Saxon is sufficiently likely to have a material effect on Fortuna's bankruptcy estate to warrant an extension of the automatic stay at this time.  Plaintiff asserts five of her six claims against both Mr. Saxon and Fortuna, seeking to hold them jointly and severally liable.  Compl. ¶¶ 90–117.  Because Fortuna may be jointly and severally liable for Plaintiff's claims, the litigation of claims asserted against Mr. Saxon "will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd.*, 321 F.3d at 287.  That is because, as currently contemplated, a favorable resolution of Plaintiff's claims against Mr. Saxon will impose

2

liability on Fortuna as a joint and several obligor with respect to those liabilities. Fortuna's exposure is equivalent to that of a guarantor of Mr. Saxon's liability. *See id.*; *Tenas-Reynard v. Palermo Taxi Inc.*, No. 14-cv-6974 (PGG), 2016 WL 1276451, at *6 (S.D.N.Y. Mar. 30, 2016) (extending automatic stay to non-debtor defendant where non-debtor defendant's "liability is automatic and co-extensive with [debtor defendant's] liability").

Therefore, this case is automatically stayed. The stay will remain in effect until such a time as the U.S. Bankruptcy Court for the Southern District of New York lifts the stay as to Fortuna or Mr. Saxon, or such a time as the Court orders the stay lifted as to Mr. Saxon. Plaintiff is directed to file a letter updating the Court on the status of this case on or about September 1, 2025 and every three months thereafter until the stay is lifted. The parties are welcome to file a letter alerting the Court to any developments in the meantime. The Clerk of Court is directed to note the stay of this case on the docket, to terminate all pending motions, and to adjourn all remaining dates.

SO ORDERED.

Dated: April 7, 2025
      New York, New York

_____
GREGORY H. WOODS
United States District Judge